UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JANE DOE,

                        Plaintiff,          **COMPLAINT**

         -against-             **JURY TRIAL DEMANDED**

RENSSELAER POLYTECHNIC        Case No.  1:19-cv-179 (BKS/CFH)
INSTITUTE and
TRAVIS APGAR, Assistant Vice
President and Dean of Students,

                     Defendants.
---------------------------------------------------------X

      Plaintiff JANE DOE, by and through her attorneys E. STEWART JONES HACKER MURPHY, LLP, complains of and against the defendants as follows:

## NATURE OF THIS ACTION

      1.    Plaintiff seeks redress against Defendants Rensselaer Polytechnic Institute ("RPI") and Travis Apgar, RPI's Assistant Vice President and Dean of Students, due to the actions, omissions, errors, and the flawed procedures and/or negligence and breach of contract by the defendants, in failing to provide the plaintiff with the standard of due process to which she was entitled by expelling plaintiff from the institution.

## THE PARTIES

**I.    The Plaintiff**

      2.    Plaintiff JANE DOE is a natural person residing in the State of Texas, with a permanent home address in Houston, Texas. During the events described herein, she was a student at RPI and resided on campus in Troy, New York.

1

**II.     Defendant RPI and Employees Thereof**

3. RPI is a private college located in Troy, New York.

4. Travis Apgar is the Assistant Vice President and Dean of Students for RPI. He coordinated and participated in the process for plaintiff's student conduct charges, from charging, through investigation and ultimate disposition.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising from breach of contract, as well as diversity of citizen jurisdiction under 28 U.S.C. § 1332 because: (i) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (ii) there is diversity of citizenship between the parties.

6. This Court has personal jurisdiction over defendants RPI on the ground that RPI and its employees are conducting business within the State of New York.

7. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1931 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**JURY DEMAND**

8. Plaintiff hereby demands a trial by jury of all triable issues in this matter.

**FACTUAL ALLEGATIONS**

**III.    Plaintiff's Time at RPI**

9. While plaintiff was still in high school, RPI awarded plaintiff the Rensselaer Medal Scholarship, in the amount of $100,000, as an incentive to enroll in and attend RPI.

10. The Rensselaer Medal is one of the premier merit scholarships offered by defendant RPI and is awarded to outstanding math and science students while in high school.

11. Students do not apply for the scholarship, but are instead selected by officials at each participating school.

12. Plaintiff enrolled at defendant RPI and commenced studies in the Fall of 2016, and was presented the official Rensselaer Medallion during an Honors Convocation in that semester.

13. In the middle of the fall semester of 2018, while enrolled as a full-time student, plaintiff had a psychological breakdown which resulted in her hospitalization.

14. On October 16, 2018, defendant Apgar, on behalf of defendant RPI, determined that plaintiff should take a temporary leave of absence from the school, and unilaterally determined to impose such leave of absence upon plaintiff, without consulting with her.

15. Defendant Apgar made his determination "effective October 15, 2018," the day before he made the determination.

16. Thereafter, on October 17, 2018, defendant Apgar determined that he would instead "involuntarily withdraw" plaintiff from RPI, alleging that plaintiff was addicted to drugs and a danger to the RPI community.

17. Under defendant RPI's operative policies, an involuntary withdrawal is the functional equivalent of expulsion.

18. Defendant Apgar premised the involuntary withdrawal upon his personal determination that plaintiff suffered from an addiction to drugs.

19. Defendant Apgar also premised the involuntary withdrawal upon his personal determination that plaintiff's alleged addiction constituted a danger to the RPI community.

20. Defendant Apgar arbitrarily and capriciously made his determinations.

21. Defendant Apgar's above determinations were incorrect and abuse of his discretion as an agent of defendant RPI.

22. Plaintiff had $38,000.00 remaining unused of her Rensselaer Medal Scholarship when she was dismissed from defendant RPI by defendant Apgar.

23. Plaintiff intended, at the time of her expulsion, to complete her education from and obtain her degree at RPI.

## AS AND FOR A FIRST CAUSE OF ACTION
### Breach of Contract

24. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

25. Based on the aforementioned facts and circumstances, defendants breached express and/or implied agreements with plaintiff.

26. Defendants committed several breaches of defendant RPI's agreements with plaintiff, including, but not limited to, its failure to treat plaintiff in accordance with the policies of the institution, its failure to provide plaintiff with the rights contained in its Policy, to which plaintiff became entitled upon matriculation at the defendants' institution, and by defendant Apgar's failure to exercise discretion in an manner that was not arbitrary and capricious.

27. Upon enrollment, RPI was obligated to provide plaintiff an education and to afford her all of the rights and privileges it represents that it affords all students.

28. Defendant Apgar had a duty to exercise any discretionary authority granted to him to retain or expel students in a manner that was consistent with defendant RPI's contractual obligation to treat plaintiff in accordance with school policy fairly and to provide her a college education and to award her a degree.

29. By expelling plaintiff from RPI without a proper basis, defendants breached their express and/or implied contractual obligations to plaintiff.

30. Plaintiff is entitled to recover damages for RPI's breach of the express and/or implied contractual obligations described above.

31. As a direct and foreseeable consequence of these breaches, plaintiff sustained substantial damages including, but not limited to, emotional distress, loss of educational and extracurricular opportunities, economic injures, loss of scholarship monies, loss of future employment opportunities, and other direct and consequential damages.

32. As a result of the foregoing, plaintiff is entitled to damages in an amount to be determined at trial, plus prejudgment interest, attorney's fees, expenses, costs, and disbursements, as well as the removal of all notations on her transcript and termination of the suspension arising from the student conduct proceeding underlying the present case.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the foregoing reasons plaintiff demands judgment against defendants as follows:

A. Award plaintiff all of her damages in an amount to be determined at trial but not less than $75,000, including, but not limited to, past and future economic losses, loss of educational opportunities, loss of future career prospects;

B. Award plaintiff all attorneys' fees, costs, and expenses available under the law;

C. Award plaintiff all prejudgment and postjudgment interest available under the law;

D. Award plaintiff such additional and further relief as this Court may deem just and proper.

Dated: February 8, 2019

                          **E. STEWART JONES HACKER MURPHY, LLP**

                          By:    /s/ James C. Knox
                                  James C. Knox, Esq. (517109)
                                  Julie A. Nociolo, Esq. (519914)
                                  *Attorneys for Plaintiff*
                                  28 Second Street
                                  Troy, New York 12180
                                  (518) 274-5820
                                  jknox@joneshacker.com
                                  jnociolo@joneshacker.com